## KERR v. UNITED STATES.

### No. 29285–R.

United States District Court
N. D. California, S. D.
May 17, 1951.

Daniel Aronson, Jr., and Davis & Barber, all of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for defendant.

MURPHY, District Judge.

This is an action brought pursuant to Title 28 United States Code, Section 1346, as revised and enacted into law by the Act of Congress, June 25, 1948. It is commonly referred to as the Federal Tort Claims Act.

The evidence adduced upon the trial reflects that the plaintiff while walking in a southerly direction along U. S. Highway 99, outside the city limits of Ripon, California, was struck by a 1939 Packard sedan automobile owned and driven by Lewis E. Russell, a Deputy United States Marshal, who was engaged in transporting a prisoner from San Antonio, Texas, to San Francisco, California. In addition to the prisoner who was riding in the back seat, Russell was accompanied by James F. Fennell, also at times connected with the United States Marshal's office at San Antonia, Texas, and at the time acting as a guard. It was stipulated that Russell was acting within the course and scope of his employment.

The evidence is in sharp conflict as to how the accident occurred. The plaintiff's testimony is that he was walking upon the shoulder of the concrete highway as above indicated; that he saw the Russell car which was traveling in a northerly direction when it was about three hundred feet away; that it wove toward him; that he attempted to avoid it, but was struck. His injuries are serious. His left leg was broken in two places, and his right lower leg in one place. The summary of his medical history, admitted in evidence by stipulation, indicates he will have a prolonged disability.

Plaintiff was initially treated at the County hospital, and subsequently romoved to the United States Naval Hospital, at Oakland, California.

It is to be noted that the action as to Lewis E. Russell originally sued as a third party defendant, was dismissed prior to the trial of this action.

However, his deposition was admitted in evidence. It reveals that U. S. Highway 99 is a paved, four-lane highway which had a dividing grass plot in the middle, separating north and south bound traffic. Russell testified that "while he was attempting to pass what he thought was a Crosley automobile", he saw the plaintiff jump out in front of the latter automobile, hesitate momentarily and then break "into a staggering run", and then observed him to run across the highway. Russell "pulled to the left, and swung back to the right, trying to miss him, and my left front bumper caught his legs and threw him up over my left fender, and out on to this grass plot." He further testified that he was traveling about 50 miles per hour when he observed the lights on the Crosley car flicker; that he immediately applied his brakes, sounded his horn, and was traveling about 20 miles per hour when he struck the plaintiff.

Immediately after the accident Russell and the guard (Fennell) got out of the car, rolled up a blanket which was part of a pack carried by plaintiff, and placed their overcoats about him. Russell testified that a partially emptied bottle of wine was beside the plaintiff's pack and that he had the odor of alcohol. It was stipulated that he had an alcoholic breath upon arrival at the County hospital.

It is to be further observed that the plaintiff denied he was carrying any pack or blanket and he further denied possession of the partially emptied bottle of wine. He did admit, however, that he had shared a quart of wine with three other men who had given him a ride in a truck during the day. The accident occurred about 8 P.M., February 12, 1949. It was getting dark; the wind was heavy and the night chilly.

The opinion of this court is that plaintiff herein was guilty of contributory negligence which was the proximate cause of the serious injuries he sustained.

Thus the court resolves the conflicts in the evidence in favor of the defendant.

While it is true the injuries are of a serious nature, his hospital bills in the amount of Three Thousand Two Hundred and Thirteen Dollars ($3,213.00) have been paid by the defendant.

However sympathetic this court might be to the present plight of the plaintiff, it cannot, in the light of the evidence, afford him any relief beyond that already accorded him. There are no substantial questions of law involved which require the citation of any authorities.

Judgment for the defendant as prayed for, and let findings be prepared in accordance with the rule.